## CONSTRUCTION OF THE WORDS "NEXT OF KIN."

Circuit Court of Hamilton County.

GEORGE H. BISHOP, EXECUTOR, v. CHARLES RIDER ET AL.

Decided, March 6, 1909.

*Wills—Words "Next of Kin" will be Construed in Their Technical Sense, When—Presumption Where it is not Known Whether Certain Relatives are Living or Dead.*

Where it appears that a testator was uncertain as to whether certain relatives were living or dead, it will be presumed, in the absence of any reference to the statute of descent, and distribution, that he intended by the use of the words "next of kin" to designate a particular class of persons related to him in an equal degree of consanguinity.

*Yeatman & Yeatman* and *E. C. Pyle*, for the executor.
*Frank Dinsmore*, for Charles Rider.
*Robert Ramsey*, for cousins of the testatrix.

GIFFEN, P. J.; SMITH, J., and SWING, J., concur.

The only question involved in this case is the construction of item eighteen of the last will and testament of Julia C. Giles, deceased, which is as follows:

"And lastly all the rest, residue and remainder of my estate, both real and personal of whatsoever kind or nature, I give, devise and bequeath to my next of kin, their heirs and assigns forever."

It appears from the pleadings and the evidence that the defendant, Charles Rider, an uncle of the testatrix, is one of the next of kin, and that it was unknown to her and is even now unknown to the defendant, Charles Rider, and the executor whether the two aunts, Harriet Ryder and Isabella Ryder, are living or dead, the presumption, therefore, in the absence of any reference in the will to the statute of descent and distribution, is that the words "next of kin" were used in their technical sense to designate a particular class of persons related to the testatrix in

an equal degree of consanguinity, and do not imply the principle of representation.    *Clayton* v. *Drake*, 17 O. S., 368; *Mooney* v. *Purpus*, 70 O. S., 57, at 65.

Decree accordingly.